No. 22-1867

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 2, 2023
DEBORAH S. HUNT, Clerk

ROBERT ANNABEL II,                        )
                                          )
    Plaintiff-Appellant,                  )
                                          )
v.                                        )        O R D E R
                                          )
JOSEPH NOVAK, Law Librarian, et al.,      )
                                          )
    Defendants-Appellees.                 )

Before: BATCHELDER, Circuit Judge.

    Pro se plaintiff Robert Annabel II, appeals the district court's order granting summary judgment in favor of the defendants in his lawsuit claiming unconstitutional retaliation. He moves to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(5).

    In 2019, Annabel sued Law Librarian Joseph Novak, Captain Kevin Woods, and Deputy Warden John Christiansen at the Ionia Correctional Facility, pursuant to 42 U.S.C. § 1983. He alleged that Novak retaliated against him for submitting two grievances by issuing threatening-behavior and insolence misconduct reports. The April 10, 2016, threatening-behavior charge was dismissed, but the July 22, 2016, insolence charge was found meritorious by Woods and affirmed by Christiansen. Annabel therefore claimed retaliation in violation of his First Amendment rights.

    The parties filed cross-motions for summary judgment. A magistrate judge recommended granting summary judgment in favor of the defendants because Annabel's frivolous and abusive grievances did not qualify as protected conduct. Over Annabel's objections, the district court adopted the magistrate judge's report and recommendation and granted summary judgment in favor of the defendants. It also denied Annabel permission to appeal in forma pauperis.

    Annabel now moves this court for leave to proceed in forma pauperis. A party that makes the requisite showing of poverty will be granted leave to proceed in forma pauperis if his or her

appeal is being taken in good faith, i.e., is not frivolous. *See* 28 U.S.C. § 1915(a); *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999). An appeal is frivolous "where it lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), meaning that "it is based on legal theories that are indisputably meritless," *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

To prove a retaliation claim, Annabel must show that (1) he engaged in protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The two grievances for which Novak issued misconduct reports primarily contain threats against Novak and support the district court's conclusion that the grievances were frivolous and abusive. Frivolous or abusive grievances do not qualify as protected conduct. *See Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018). Accordingly, this appeal is not taken in good faith and Annabel is not entitled to proceed in forma pauperis.

The court **DENIES** the motion to proceed IFP. Unless Annabel pays the $505 filing fee to the district court within thirty days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk